NicholsoN, C. J.,
delivered the opinion of the Court.
The only question in this case is, whether the Circuit Judge erred in adjudging the costs of the Circuit Court against the plaintiff. He had sued the defendant before a magistrate, claiming $85, on an account. The Justice gave a judgment in his favor for one dollar. This judgment he brought by certiorari to the Circuit Court, where, under a proper charge, the jury affirmed the judgment of the Justice of the Peace. Upon this judgment the Circuit Judge . adjudged the costs of the Circuit Court against him. He then appealed to this Court.
The question is, whether the plaintiff was successful, in the meaning of the law, in his suit in the Circuit Court. He had succeeded, -before the Justice of the Peace, in .getting a judgment for one dollar, but he was dissatisñéd with the judgment, and took the case to the Cir *645 cuit Court, for the purpose of having a trial de novo, and of reversing the judgment below, or of obtaining a judgment for a larger amount.
By the Code, 3197, “the successful party in all civil actions, is entitled to full costs, unless otherwise directed by law, for which judgment shall be rendered.” By section 3219: “The law of costs shall be construed remedially, and not as the penal law.” By section 3220: “And if any case shall occur not directly, or, by fair implication, embraced in the express provisions of the law, the Court may make such disposition of the costs as, in its sound discretion, may seem right.”
As a general rule, the party is regarded as successful who sues and obtains .a judgment. But this rule is not of universal application. There are several statutory exceptions, as in the cases in which parties recover no more costs than damages. In those cases, although the plaintiff obtains a judgment, yet he is not successful, in the meaning of the law, and hence he is not entitled to full costs. Then the statute contemplates cases which are not expressly embraced in the general rule, and in such cases the Court may exercise a sound discretion, adjudging the costs remedially.
In the case before us, the plaintiff sued before the Justice of the Peace for eighty-five dollars, but he recovered only one dollar; yet he obtained a judgment, and was, therefore, successful, and entitled to costs before the Justice of the Peace. But he was not satisfied with his success. He determined not to accept and abide by the dollar judgment. He obtained a certiorari, which was tantamount to a new suit for eighty-five dollars. In this sec *646 ond suit he failed to obtain a judgment for any more than the dollar, which he had rejected. He obtained an affirmance of his dollar judgment. He failed to have the Justice’s judgment reversed. That was the object of his proceeding In this he was not successful. This makes a case for the exercise of the sound discretion of the presiding Judge. It does not fall expressly, or by necessary implication, within the general rule. We can not say that the Judge exercised this discretion unwisely. We, therefore, affirm the judgment.